## VILLAGE OF MARION, LaMOURE COUNTY, NORTH DAKOTA, a Municipal Corporation, Respondent, v. C. A. FINCH LUMBER COMPANY, a Corporation, Appellant.

(201 N. W. 837.)

**Elections — certified statement of persons elected as village officials by clerk of board of trustees instead of by inspectors held substantial compliance with law.**

Where a statute concerning a village election provides that inspectors shall make a certified statement of persons elected as village officials and file the same with the county auditor, and that no ordinance of any board of trustees chosen at such election shall be valid until the provisions of the section are substantially complied with, and where, in a village election, the clerk of the board of trustees made such certified statement instead of the inspectors, it is held, for reasons stated in in the opinion,

(a) That the certificate of election as made and filed by the village clerk was a substantial compliance with the law.

Opinion filed December 20, 1924.

Elections, 20 C. J. § 252 p. 199 n. 12 New, 17 New; § 264 p. 205 n. 13.

In District Court, LaMoure County, *Wolfe,* J.

Action to restrain removal of certain frame buildings in violation of a village ordinance.

Defendant has appealed from the judgment and demands a trial de novo.

Affirmed.

*Hutchinson & Lynch,* and *Divet, Holt, Frame & Thorp,* for appellant.

Where a statute expressly prohibits a thing until another has been done the prohibition cannot be disregarded without judicial legislation. Dinwiddie v. Rushville, 37 Ind. 66.

It is to be presumed that the legislature is acquainted with the law; that it has knowledge of the state of it upon the subject which it legislates; that it is informed of previous legislation and the construction it has received. Lewis's Sutherland, Stat. Constr. §§ 333, 497, 499.

In the absence of an attack on a complaint for lack of detail, a general allegation of due or regular enactment or passage is held sufficient, at least after judgment. The reason for such holding is that from the general allegation of due or regular passage, the taking of every step necessary to the coming into existence of the ordinance is impliedly, if not necessarily, shown. 28 Cyc. 39, note 45; Becker v. Washington, 7 S. W. 291; Los Angeles v. Waldron (Cal.) 3 Pac. 890.

Defendant then simply shows in rebuttal of that showing by the plaintiff, that the basic fact necessary to the existence of the ordinance, that is, the certification of the election under the statute, does not exist. A void thing is no thing. Thus it is that a judgment may be resisted in any way, at any time, by anyone, for lack of jurisdiction; it is, in effect, no judgment. The reason given for permitting a collateral attack on judgments is that they are void and, being void, are nothing. 15 R. C. L. 841; 22 Cyc. 1973, et seq.

When the defendant intends to rest his case on a fact which is not included in the allegations necessary to support the plaintiff's case, he must set it up in precise terms in his answer. Supreme Tent, K. M. v. Stensland, 105 Ill. App. 267, 68 N. E. 1098.

*E. M. Warren,* and *Lawrence, Murphy & Nilles,* for respondent.

When a defendant intends to rest his case on a fact which is not included in the allegations necessary to support the plaintiff's case, he must set it up in precise terms in the answer. Supreme Tent, K. M. v. Stensland, 105 Ill. App. 267, 206 Ill. 124, 99 Am. St. Rep. 137, 68 N. E. 1098.

A defendant who seeks to defeat a prima facie case made by the plaintiff by proof of an affirmative fact must plead it. Milhollin v. Jones, 7 Ind. 715.

All defenses, except the mere denial of facts which the plaintiff, to sustain his action, is bound to prove, must be specifically pleaded. Hubler v. Pullen, 9 Ind. 273, 68 Am. Dec. 620.

The defendant is bound by his pleading, and the court cannot consider a defense which he failed to set up in his answer. Demmien v. Bowler, 16 Ky. L. Rep. 399.

Under Rev. Laws, chap. 173, 27, providing that the answer shall state each fact intended to be relied on in avoidance of the action, the defense that the contract sued on was void, because in violation of Anti-Trust Law, July 2, 1890, chap. 647, 26 Stat. 209 (U. S. Comp. Stat. p. 3200) is not available unless pleaded. New York Bank Note Co. v. Kidder Press Mfg. Co. 192 Mass. 391, 78 N. E. 463.

The distinction between defenses admissible under a denial and those which are new matter depends primarily upon the structure of the complaint and the material averments of fact which it contains. All facts which directly tend to disprove any one or more of those averments may be offered under the general denial. All facts which do not thus directly tend to disprove some one or more of these averments, but tend to establish a defense independently of them, cannot be offered under the denial. They are new matter, and must be specifically pleaded. Pom. Rem. & Rem. Rights, § 673. See also Gilbert y. Crem, 12 How. Pr. 455; Maudlin v. Ball (Mont.) 1 Pac. 409; Stoddard v. Conference, 12 Barb. 573; Evans v. Williams, 60 Barb. 346; Hogan v. Klabo, 13 N. D. 319.

A general assertion in brief that the ordinance involved is in violation of the federal and state constitutions, held not to raise the question. Standard Oil Co. v. Danville, 199 Ill. 50, 64 N. E. 1110.

Ordinances are presumed to be valid and reasonable and when one seeks to avoid their provisions on the ground that they are unreasonable the particular facts which render them unreasonable should be pleaded. 7 McQuillin, 7199 (text).

A person acting and recognized by the public as a judge of the district court of a county in a new district, before the law establishing such new district has become operative, by appointment of the Governor, under the erroneous belief that the new district was already in existence, is judge de facto, and his acts in that capacity valid as to third persons and the public. State v. Ely, 16 N. D. 569.

## Statement.

BRONSON, Ch. J. This is an action to restrain defendant from placing or maintaining a certain frame building upon a railroad right of way within the fire limits in the village of Marion. Defendant has appealed from a judgment of restraint. The material facts are:—Defendant had certain frame buildings located on the Northern Pacific right of way North of Block Two in the village of Marion. Prior to November 8th, 1922 a village ordinance existed which prohibited, in effect, removal by defendant of such buildings without permit. Through litigation between the village and defendant, concerning the right to move its buildings, such ordinance was declared void. After the termination of litigation concerning such ordinance, and while no ordinance was in effect prohibiting the removal of its buildings, defendant proceeded to separate a frame building, located on the right of way as stated into two parts for the purpose of removing the same to another location, namely, on the Northern Pacific right of way North of Block One in such village. Before the 8th day of November, 1922, one of the portions of such frame building had been moved to the new location and the other part had been raised from the ground by jackscrews preparatory for removal. On the 8th day of November, 1922, the village of Marion enacted, with an emergency clause, a new ordinance which placed the territory upon the right of way North of Blocks One and Two in such village within the fire limits and prohibited the erection, construction, or location of buildings thereupon without a permit first being obtained. The ordinance otherwise prescribed for the erection, construction and location of buildings on such territory composed of brick or other fire-proof material. Demand was thereupon made upon the defendant to desist from its moving operations. Upon defendant's refusal to comply with the demand, this action was instituted and an injunctional order secured forbidding further prosecution of the work. Then, a stipulation was made between the parties that defendant might complete the moving of its building to the location on the right of way North of Block Two and that, in the event the Court should determine that defendant had no right to move such building, then the defendant agreed either to move its building back upon the right of way directly North of Block One in the

village, or to tear down the same within a reasonable time after the
Court's decision.  Pursuant to this stipulation the portion of the build-
ing involved was thereupon removed to its new location and was fin-
ished up as a separate building.  At the time of the passage of this
new ordinance, each of the village trustees, three in number, who acted
in enacting the ordinance, had been regularly elected, had properly
taken his oath of office and was in possession of his office.  However,
the certificate of such election of trustees, up to the time of the trial,
had not been filed with the county auditor by the inspectors of election
as required by § 3855 Comp. Laws 1913, as amended by chap. 268,
Laws 1915.  Such statute, so far as material provides that,

"It shall further be the duty of such inspectors to make a certified
statement over their own signatures of the persons elected to fill the
several offices in said village, and file the same with the county auditor
of the county within 10 days after the date of such election; and no
act or ordinance of any board of trustees chosen at such election shall
be valid until the provisions of this section are substantially complied
with."

The trustees were elected as such on March 21, 1922.  The village
clerk on April 6, 1922, certified to their election and filed his certifi-
cate of their election on April 11, 1922, with the county auditor.  This
certificate is conceded by the parties to have been sufficient in form as
a certificate of the facts to satisfy the statute if it had been made by
the inspectors of election as commanded by the statute.  Likewise, the
village clerk made the same certificate when the same trustees had been
elected as trustees on the 15th day of March, 1921.  Upon this appeal
defendant groups its specifications of error and summarizes the same
as follows:—"The court erred in holding that the pretended ordinance
in question was valid and enforceable against the defendant notwith-
standing the election of the trustees had not been certified to the coun-
ty auditor in pursuance of § 3855, Comp. Laws 1913 as amended by
chap. 268, Laws 1915."

Upon this appeal it is defendant's contention that there exists a lack
of substantial compliance with the statute quoted and therefore the
ordinance involved was void.

In opposition, plaintiff maintains that the evidence concerning the
certification was inadmissible under the pleadings; that the defense

constituted a collateral attack upon the election of the village officers and that, in any event, there was, in fact, a substantial compliance with the statute.

## Opinion.

The issues presented require, in our opinion, the determination alone of the question of law whether there was a substantial compliance with the statute through the filing made by the *village clerk* instead of by the *inspectors of election*. Otherwise, the propriety or application of the ordinance is not questioned. See Ashley v. Ashley Lumber Co. 40 N. D. 515, 169 N. W. 87.

Statutory provisions prescribe concerning the incorporation of, and elections in, villages. Comp. Laws 1913, §§ 3840–3860. In proceeding for the incorporation of a village the statute provides for the election of three inspectors. See § 3847 Comp. Laws 1913. If, at the election held, the vote returned is favorable to incorporation, thereupon, the inspectors proceed to divide the village into not less than three nor more than seven districts. Comp. Laws 1913, § 3849. Then, such inspectors proceed to give notice for the holding of an election to select officials for the village thus incorporated. Comp. Laws 1913, § 3850. At such first election of officials, such inspectors preside and in the receiving and canvassing of votes are governed by the laws applicable to the election of county officers. Comp. Laws 1913, § 3853. Such inspectors, after the holding of such election, are required, pursuant to the statute hereinbefore quoted, to make. a certified statement of the persons elected to fill the offices within the village. Comp. Laws 1913, § 3555. Otherwise, the statute provides for an annual election thereinafter for the selection of village officers and that the presiding board of trustees or any of them shall act as inspectors thereof. Comp. Laws 1913, § 3851. Also, the statute provides for the election of one trustee from each district. Comp. Laws 1913, § 3854. Otherwise, in the general provisions of law concerning the holding of elections, it is provided that in incorporated villages the president of the board of trustees shall act as inspector and, if the village contains, more than 300 voters he shall act as the inspector of the precinct in which he resides and appoint the inspectors in the other

precincts.   See § 951 Comp. Laws 1913.   Otherwise, a statute pro-
vides that no precinct shall contain more than three hundred electors;
that the county commissioners shall divide the county into election pre-
cincts and shall designate one voting place in each precinct; that, when
the votes cast at any election exceed three hundred in any voting pre-
cinct, the duty is imposed upon the inspector of election to report such
fact to the county commissioners who then are required to divide such
voting precinct; all of which is subject to the proviso that, when the
combined vote in any village does not exceed three hundred, such vil-
lage may have one voting place.   Comp. Laws 1913, § 950.

In the record it appears that there are three wards in the village of
Marion: But, whether there was and is only one voting precinct or
whether the combined vote cast in the village exceeds three hundred
does not appear.

From the statutory provisions quoted, it is apparent that in village
elections held after the first election, where there exists more than one
voting precinct, the inspectors of election, if they certify at all as re-
quired by statute, can do so only as the result of a meeting after an
election and action as a canvassing board upon results from combined
precincts.   The inspectors of election may be the persons who consti-
tute the Board of Village Trustees.   Evident confusion may result in
the literal application of the law concerning the making of the certifi-
cate of election.   In consequence, it is easy to understand how the
custom may have grown up in this state, as stated upon the oral argu-
ment, for village clerks to certify to the county auditor concerning the
election of their village officials.   Under common law principles the
village board represent the village as a municipal corporation; the
board, through its inherent powers, is the judge of the election and
qualifications of its own members; suo jure, in the absence of statutory
restraint, it may with propriety act as a canvassing board concerning
its own members; the village clerk is the proper recording and certify-
ing officer concerning the acts of the board.

In determining whether there exists a substantial compliance with
the law, upon the record and the law applicable thereto, it is unneces-
sary to consider either the origin of the particular statute involved or
the adjudications of foreign states thereupon.   The important thing
in considering substantial compliance is the bearing of the cognate law

with relation to the particular statute and the intent of the whole law. An ear mark of substantial compliance is the fact of practical compliance with the legislative will and intent. In the case at bar the important things in ascertaining substantial compliance with the legislative will and intent are the making of a certificate and the filing thereof by an officer, authorized to make and file certificates, and acquainted, by virtue of his duties, with the subject matter involved.

Upon the record in this case we have no hesitancy in finding that the certificate of election as made and filed by the village clerk was a substantial compliance with the provisions of the statute. The judgment is affirmed.

CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.

BIRDZELL, J., dissents.